## Cheaney, et al. v. Bruner, Secretary of State.

(Decided November 16, 1910.)

### Appeal from Franklin Circuit Court.

Corporation Articles—Duration of Time—Failure to Specify—Refusal of Secretary of State to File.—Under section 539, Ky. St., providing that "Articles of incorporation shall specify the time when it is to commence and the period it is to continue," the Secretary of State properly refused to allow an article of incorporation to be filed in his office which provided that it "shall continue until dissolved by the written consent of the holders of the majority of its then outstanding capital stock."

DRURY & DRURY for appellants.

JAMES BREATHITT, Attorney General, and TOM B. McGREGOR, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE BARKER—Affirming.

The question for adjudication upon this record is, whether or not the Secretary of State is authorized to receive and file proposed articles of incorporation which do not fix a determinate period for the existence of the corporation. The articles of incorporation proposed to be

filed contain this provision: "This corporation shall begin business as soon as authority for that purpose can be obtained from the Secretary of State of the State of Kentucky, and it shall continue until dissolved by the written consent of the holders of a majority of its then outstanding capital stock." The Secretary of State refused to receive or file the articles of incorporation, or to authorize the proposed incorporators to do business as a corporation because of the failure of the articles to state definitely the period of its existence.

Section 539 of the Kentucky Statutes provides as follows: "Such persons shall execute articles of incorporation which shall specify: * * * (6) The time when it is to commence; and the period it is to continue." The statute requires a definite time to be fixed, and we think the Secretary of State was correct in refusing to receive and file the proposed articles. To hold otherwise would be to give the language of the statute no effect whatever.

This being the view of the trial court, his judgment, dismissing the petition, is affirmed.